## MARSHALL WHITHEAD *vs.* SIMEON MALLORY & another.

*It seems,* that proceedings in insolvency, commenced by a creditor's petition, may be recorded by a clerk appointed on the day of the filing of the petition, months before the adjudication of insolvency and issuing of the warrant.

A title claimed under a deed from an assignee in insolvency cannot be disputed for defect in the appointment of the clerk by whom the proceedings in insolvency were recorded.

WRIT OF ENTRY to recover a tract of land in Northfield. Trial in this court, when the demandant gave in evidence a deed of the land from Charles Mattoon as assignee in insolvency of

Simeon Mallory, one of the tenants; and the assignment previously made by the commissioner to Mattoon of all said Mallory's property, which included this land.

The tenants objected to the validity of the demandant's title, on the ground that the proceedings in insolvency, which were commenced on the petition of a creditor of said Mallory, were irregular and void, because the clerk, by whom all the proceedings, including the hearings preliminary to the issuing of the warrant, were recorded, was appointed and sworn by the commissioner on the same day on which the petition was filed, and more than two months before the issuing of the warrant. The presiding judge overruled the objection, and the tenants excepted.

This case was argued in writing, and decided in June last.

*W. Griswold*, for the tenants. As this suit is not prosecuted by the assignee himself, the assignment is not conclusive evidence in the demandant's favor; but he must prove, in order to sustain his title under his deed from the assignee, that all the steps required by the statute were taken. *St.* 1838, *c.* 163, § 5. *Grant* v. *Lyman*, 4 Met. 470. *Wheelock* v. *Hastings*, 4 Met. 504. *Partridge* v. *Hannum*, 2 Met. 569. *Thomas* v. *Le Baron*, 8 Met. 355. *Blood* v. *Hayman*, 13 Met. 231. *Waldron* v. *Tuttle*, 3 N. H. 340.

The *St.* of 1838, *c.* 163, § 14, requires that "the judge, at the commencement of the proceedings in each case, shall appoint a clerk, who shall be sworn to the faithful discharge of his duty." A proper appointment is essential to the validity of all subsequent proceedings. *Williams* v. *School District in Lunenburg*, 21 Pick. 75. *School District in Stoughton* v. *Atherton*, 12 Met. 105. *Sherwin* v. *Bugbee*, 17 Verm. 337. *Bates* v. *Hazletine*, 1 Verm. 81. Within the meaning of this provision, "the commencement of the proceedings," when they are compulsory, is the adjudication of insolvency and issuing of the warrant. *Randall* v. *Barton*, 6 Met. 518. The duties required of the clerk are only to "keep a record of all the regular meetings of the creditors, and of all the proceedings thereat;" to "preserve all papers duly filed in the course of the proceedings," and to "perform such other duties appertaining to his office, as shall be prescribed

by the judge." *St.* 1838, *c.* 163, § 14.  He is not required to record the proceedings which took place, not at meetings of creditors, before the issuing of the warrant; and if it be his duty to preserve, or even incorporate into his record, the petition, order thereon, and return of the officer, this can give no validity to his appointment, made before the proper time.  *Sherwin* v. *Bugbee,* 17 Verm. 337.  Until the adjudication of insolvency, the commissioner has no jurisdiction of the party or the subject; and cannot examine the debtor on oath, under *St.* 1838, *c.* 163, § 6. *Jordan, petitioner,* 9 Met. 292.  By *St.* 1844, *c.* 178, § 16, the clerk may adjourn all meetings ; could he adjourn the preliminary hearing, so as to preserve the jurisdiction of the commissioner ?  And § 19 of *St.* 1838, *c.* 163, prescribing the manner of conducting " all the proceedings after the execution of the warrant," shows that to be the time of the commencement of compulsory proceedings.  Until the issuing of the warrant, it cannot be known that proceedings will ever commence, or any clerk be needed.  *Randall* v. *Barton,* 6 Met. 518.

*G. T. Davis,* for the demandant.

SHAW, C. J.  The ground of the tenants' objection to the demandant's title is, that the proceedings in insolvency under which the demandant claims were irregular and void, because they were compulsory, founded on the petition of a creditor, and not of the insolvent; that the clerk was appointed on the same day on which the petition was presented ; and the hearings on the question, whether a warrant should issue, were pending some two or three months before an adjudication was made by the commissioner, and the warrant issued.  The argument is, that the proceedings cannot be considered as commenced, when the petition is by a creditor, until an adjudication is made on that petition, and a warrant issued.

The provision in the original insolvent act, *St.* 1838, *c.* 163, § 14, is that " the judge, at the commencement of proceedings in each case under this act, shall appoint a clerk."  This direction is not limited either to voluntary applications by the debtor, or to adversary applications by the creditor, but extended to all cases under the act.  In this case, the petition was presented

and the clerk appointed on the same day; we are to presume that these two things took place in their most natural order, and that the petition was presented, and then the appointment made forthwith, or afterwards on the same day.

We find no case, in the elaborate argument for the tenants, to show that this appointment was not strictly regular. By the authority vested in the commissioner by his appointment and the law under which he held it, and by the presentment of the creditor's petition, the commissioner had jurisdiction, at least to issue a notice to the party alleged to be insolvent, and hear him thereupon; and this is the commencement of the proceedings in an adversary case. One obvious difference between a voluntary and an adversary application to the commissioner is, that in the former, the debtor submits himself in the outset to the jurisdiction of the commissioner, as an insolvent under the law; whereas, in the latter, the commissioner does not obtain jurisdiction of his person, as an insolvent, till an adjudication that he is such, under the statute, and the issuing of a warrant. Therefore, in the latter case, the debtor is not liable and compellable to be examined on oath at all times, under the provisions of § 6. This is the effect, and the only effect, so far as it bears upon this subject, of the case of *Jordan, petitioner,* 9 Met. 292.

In the case of *Randall* v. *Barton,* 6 Met. 518, no question was made as to the time when a clerk should be appointed, or whether it was necessary to the regularity of the proceedings that there must be a clerk appointed. It was a petition to this court in the nature of an appeal from the decision of a judge of probate, refusing to adjudge, on the application of a creditor, that a debtor was insolvent. A suggestion was made, whether the judge should not have made a record of his proceedings, on which the judge who gave the opinion of this court observed: " We see no provision for it in the statute. His duty is performed by filing the petition, and it is only when the application is granted, and further proceedings are had, and a clerk is appointed, that a record becomes necessary." We think this does not imply that a clerk could not be appointed in that stage, but only that it was not necessary.

But there is another ground, which the court are of opinion is quite decisive, and it is this; that any formal irregularity in the insolvent proceedings, such as the time at which a clerk should be appointed, is not open in this suit. The insolvent act provides, in § 5, that in all suits prosecuted by the assignees for any debt, demand, right, title or interest, due or belonging to the insolvent debtor, the assignment made to them by the judge shall be conclusive evidence of their authority to sue as such assignees.

This is not a suit by the assignee, and therefore not within the letter; but it is a suit by one having all the title which the assignee could give him, all which he himself had. This was a title to the land, a right to recover it in a court of law, without having that right impeached or called in question upon the ground of any irregularities or informalities which may have occurred in the insolvent proceedings, prior to the actual assignment, and this brings it within the equity and spirit of the statute. Had the assignee himself brought this action for this very land, his assignment from the commissioner would have been conclusive evidence of his authority, by force of the statute; and no irregularities in the anterior proceedings would have been open to the tenants, to invalidate his title; and, under a judgment in such case, he could have made a good and unquestionable title to this demandant. This security, given by law to the assignee, against having his title impeached by defects in the proceedings, may well be considered as one of his muniments of title, which passes by his deed to his alienee.

The assignment has been held to be conclusive, notwithstanding any irregularities, in *Partridge* v. *Hannum*, 2 Met. 569, in case of real estate, and in *Wheelock* v. *Hastings*, 4 Met. 504, in regard to personal, both being suits by assignees. In the latter case, a strong analogy was suggested between the case of an assignee and that of an administrator of an intestate; in which latter case the letter of administration is conclusive, and precludes all inquiry as to the regularity of the probate proceedings under which it is granted. It has been held in an English case, under a somewhat similar provision in the insolvent debtors' act, that

the assignment is conclusive. *Delafield* v. *Freeman*, 6 Bing. 294.

But the principle, upon which our judgment in this case is founded, is affirmed and fully stated in the case of *Grant* v. *Lyman*, 4 Met. 470, a case like the present, arising under the insolvent law. There the suit was not brought by the assignee; but it was a suit between other parties; and the defence rested upon the paramount right of an assignee to take and hold the property attached. The plaintiff offered to invalidate the title of the assignee, on the ground of various irregularities in the proceedings on the part of the judge, the clerk, the messenger, the assignee, and the insolvents themselves, in not strictly complying with the requisitions of the statute. But the court held that such irregularities were not open to inquiry in that suit, and that the assignment was conclusive. That case is precisely in point, and the principle on which it was decided we think is correct. See also *Penniman* v. *Freeman*, 3 Gray, 248.

Ample provision is made by the insolvent laws, for correcting errors and irregularities in proceedings in insolvency, by a petition to this court by any person whose interests may be injured by them. But so long as they stand unreversed, it is essential to the safety of all persons concerned, that the *status*, the representative capacity and authority of the assignee, should not be drawn in question in collateral suits, and between parties not responsible for, nor even conusant of such proceedings, but who are obliged to deal with such assignees as officers established by law, with powers conferred and defined by law, so long as they stand in that capacity. *Exceptions overruled.*